```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                         NASHVILLE DIVISION
```

TONY J. STACEY,                )
                               )
        Plaintiff              )
                               )        NO. 3:07-1037
v.                             )        Judge Echols/Brown
                               )
STACEY SWINDELL, et al.,       )
                               )
        Defendant              )

**TO: The Honorable Robert L. Echols**

### REPORT AND RECOMMENDATION

For the reasons stated below, the Magistrate Judge recommends that this case be dismissed without prejudice for failure to prosecute and to obtain service of process.

### I. Background

The Plaintiff in this matter filed a complaint against Wilson County Judicial Commissioner Stacey Swindell on October 17, 2007 (Docket Entry 1), and paid the appropriate filing fee.

Since the actual filing of this case, the Plaintiff has taken no further action. Service has not been obtained on the Defendant Swindell within 120 days as required by Federal Rule of Procedure 4(m). In addition, more than six months has passed and under Local Rule 41.01, "A civil action that has been on the docket for six months without any responsive pleading or other court proceedings taken therein shall be dismissed as a matter of course, but the dismissal shall be without prejudice to refile or to move the Court to satisfy the order of dismissal for just cause."

The complaint itself appears to be against a judicial officer and complains that Defendant issued an arrest warrant rather than a summons for a complaint of littering against the Plaintiff.  Since the Plaintiff has paid the filing fee, this case is not subject to an initial review as to whether it states a cause of action.  Judicial officers are generally immune for actions taken within their judicial role even if the action is in error. *Ireland v. Tonis*, 113 F.3d 1435 (6th Cir. 1997).  Having reviewed the complaint, the Magistrate Judge has serious doubts that if the Defendant was served and filed an answer and a motion to dismiss, that the case would survive such a motion.  However, since the Plaintiff has taken no action to prosecute the case it appears that a dismissal without prejudice under Local Rule 41.01 and Federal Rules of Civil Procedure 4(m) is appropriate.

### III. <u>Recommendations</u>

For the reasons stated above, the Magistrate Judge recommends that this case be dismissed without prejudice for failure to prosecute.

Under Rule 72(b) of the Federal rules of Civil Procedure, any party has ten days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court.  Any party opposing said objections shall have ten days from receipt of any objections filed in this Report in which to file any responses to said objections.

Failure to file specific objections within ten days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.  *Thomas v. Arn*, 474 U.S. 140 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

      **ENTERED** this 30th day of June, 2008.

                              /s/ Joe B. Brown
                              JOE B. BROWN
                              United States Magistrate Judge